**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY HISTON,

           Plaintiff - Appellant,

  v.

JAMES TILTON; et al.,

           Defendants - Appellees.

No. 12-15598

D.C. No. 3:09-cv-00979-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Larry Histon appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Histon failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in their treatment of his carpal tunnel syndrome. *See id.* at 1057-58 (neither negligence nor difference of opinion concerning the course of treatment amounts to deliberate indifference); *see also Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012) (prisoner must show that defendant chose a medically unacceptable course of treatment "in conscious disregard of an excessive risk to plaintiff's health" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Histon's motion for leave to amend his complaint and to perfect service to unserved defendants because the motion was moot upon the court's grant of summary judgment. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion in denying Histon's motion for appointment of counsel because Histon did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

We decline to consider those documents submitted by Histon that were not presented to the district court.  *See* Fed. R. App. P. 10(a); *United States v. Sanchez-Lopez*, 879 F.2d 541, 548 (9th Cir. 1989).

**AFFIRMED.**